IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE DOE,** (Montgomery County, Maryland)\* | |
| Plaintiff, | Case No.: |
| v. | |
| **BENJAMIN STEVENSON**, in his official capacity as Director, Montgomery County Department of Correction and Rehabilitation, 22880 Whelan Lane, Boyds, Maryland 20841 (Montgomery County, Maryland), and | VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIF<br><br>DEMAND FOR JURY TRIAL |
| **FREDERICK ABELLO,** in his official capacity as Warden of Detention Services, Montgomery County Detention Center, 1307 Seven Locks Road, Rockville, Maryland 20854 (Montgomery County, Maryland), | |
| Defendants. | |

## <u>VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Plaintiff **JANE DOE**, by and through counsel, CAIR Legal Defense Fund ("CAIR"),

brings this complaint for declaratory and injunctive relief against Defendants **DIRECTOR**

**BENJAMIN STEVENSON** and **WARDEN FREDERICK ABELLO**, of the Montgomery

County Department of Corrections ("MCDC") for violating religious guarantees under the

Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), states as follows:

---

\* Plaintiff is concurrently moving proceed under pseudonym and to waive her obligation under Local Rule 102.2(a) to provide her address in the initial case caption based on an objectively reasonable fear that publicizing her home address would subject her to harassment and humiliation.

## Nature of this Action

1.     On November 28, 2021, officers at MCDC forced Ms. Jane Doe, a Muslim woman, to remove her religiously mandated hijab while in their custody, in plain view of the male officers.

2.     The Defendants' officers then forced her to take a booking photograph without her hijab despite Ms. Doe informing them that her hijab was required by her faith and her repeated objections.

3.     Defendants have preserved the hijab-less images in their records and uploaded their records to a statewide database, accessible to all law enforcement agencies in Maryland.

4.     Appearing in public without her hijab and having her hijab-less image viewed by men outside her immediate family are severe breaches of Ms. Doe's sincerely held religious beliefs. By photographing Ms. Doe without her hijab, Defendants memorialized this violation of her rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

5.     This action seeks declaratory relief against the defendants and injunctions ordering the Defendants to (1) destroy all copies of Ms. Doe uncovered photographs from their database and any other visual media such as security footage, (2) instruct all other agencies or third parties with whom they've shared access to the photograph to do the same, and (3) change their policies to accommodate religious head coverings so that no more uncovered photographs of Muslim women like Ms. Doe are taken.

6.     This action also seeks an award of attorneys' fees, costs, and expenses predicated upon 42 U.S.C. §§1988, 2000cc-2(d), and any other relief this Court deems just and proper.

**Jurisdiction and Venue**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000cc-2.

8.      This Court has original federal question jurisdiction over Plaintiff's claims of violations of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

9.      Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general, legal, and equitable powers of this Court.

10.      Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to this claim occurred in the District of Maryland.

11.      This Court has personal jurisdiction over Defendants because all Defendants reside and conduct business in Montgomery County, Maryland.

12.       At all relevant times, Montgomery County Department of Corrections and Rehabilitation ("MCDCR") and MCDC, where the immediate events transpired, are government entities as defined under RLUIPA 42 U.S.C. § 2000cc-5(4).

**Parties**

13.      Plaintiff Jane Doe is a Muslim woman and a resident of Maryland. She was and is at all relevant times an "individual," as defined in 42 U.S.C. § 2000cc, et seq.

14.      Defendant Benjamin Stevenson is the Director of Detention Services Division of the Montgomery County Department of Corrections and Rehabilitation; an agency duly

organized under and with all the powers specified and implied by the laws of the State of Maryland and carrying on governmental functions in Montgomery County.

15.    At all relevant times, Defendant Stevenson was a decision-maker and possessed the authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual officers of MCDC. This authority includes the supervision of those individual officers of MCDC charged with operating and overseeing the search, seizure, detention, and arrests at MCDC.

16.    At all relevant times, Defendant Stevenson was the employer and supervisor of MCDC Officers.

17.    Defendant Stevenson's principal office is located at 22880 Whelan Lane, Boyds, Maryland 20841. Defendant Stevenson is sued only in his official capacity.

18.    Defendant Frederick Abello is the Warden of Montgomery County Detention Center at Seven Locks; an agency duly organized under and with all the powers specified and implied by the laws of the State of Maryland and carrying on governmental functions in Montgomery County.

19.    At all relevant times, Defendant Abello was a decision-maker and possessed the authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual officers of MCDC. This authority includes the supervision of those individual officers of MCDC charged with operating and overseeing the search, seizure, detention, and arrests at MCDC.

20.     At all relevant times, Defendant Abello was the employer and supervisor of MCDC Officers.

21.     Defendant Abello's principal office is at 1307 Seven Locks Road, Rockville Maryland 20854. Defendant Abello is sued in his official capacity only.

### Factual Background

*Plaintiff's Sincere Religious Beliefs*

22.     Plaintiff Jane Doe is a Muslim woman and a resident of Maryland.

23.     Ms. Doe's faith requires her to wear a hijab—a religious headscarf which covers her hair, ears, and neck—when she is in mixed-gender spaces outside of her immediate family. The practice also includes a religious obligation to dress modestly, wearing clothing covering her whole body.

24.     Appearing in public without a hijab or being photographed without wearing a hijab is a serious breach of Ms. Doe's faith and a deeply humiliating and defiling experience in conflict with her sincerely held religious beliefs.

25.     Ms. Doe's adherence to this practice is deeply rooted in Islamic texts and teachings. Her hijab is a pillar of her religious practice and integral to her identity as Muslim women.

26.     Ms. Doe has worn the hijab consistently for forty-five years. She has never willingly been seen without the hijab in mixed-gender spaces outside her immediate family since she began adhering to this religious practice.

27.     Ms. Doe's government issued identification depicts her wearing the hijab, including her Maryland driver's license.

*Removal of Plaintiff's Hijab by Montgomery County*

28.    On November 28, 2021, at approximately 11:00 am, Ms. Doe was arrested in her home by two male Montgomery County officers.

29.    At the time of her arrest, Ms. Doe was wearing modest clothing and hijab in line with her religious beliefs. The hijab fully covered her hair and neck.

30.    The officers escorted her to the Montgomery County Detention Center at Seven Locks.

31.    When she entered the facility officers demanded that she remove her hijab.

32.    Ms. Doe informed the officers that her faith required her to wear her hijab and that she could not take it off.

33.    The officers dismissed her request and demanded she remove the hijab anyways. Believing she had no other choice, Ms. Doe relented and removed her religious head-covering in the open area with multiple co-ed officers and arrested individuals.

34.    Only after Ms. Doe's hijab was removed did the officers begin processing her. Without her hijab, male and female officers fingerprinted Ms. Doe and brought her to have her booking photograph taken.

35.    Officers then took several booking photographs of Ms. Doe, from multiple angles, without her hijab.

36.    Only after these photographs were taken and the officers fully finished processing her did the officers permit Ms. Doe to replace her hijab.

37.    In total, Ms. Doe was deprived of her hijab for at least ten minutes and seen by several men in violation of her religious beliefs.

*Defendants Retain Plaintiff's Uncovered Image*

38.    As a result of Defendants' policies and practices, MCDC denied Ms. Doe's requests to maintain her religiously mandated hijab during her booking at Seven Locks.

39.    As a result of Defendants' policies and practices, the booking photographs taken of Ms. Doe remain available on Montgomery County's database.

40.    Upon information and belief these photographs are accessible to state and local law enforcement, as well as other government agencies with whom Montgomery County Department of Corrections shares its data.

41.    Ms. Doe is haunted by the fact that pictures of her without her hijab exist and are accessible by unrelated men. She has suffered with the knowledge that anyone could see these humiliating and violating pictures at any time.

42.    Ms. Doe faces harm each day that her violative photographs remain accessible or are in fact viewed by men.

## COUNT I
## Violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)
### 42 U.S.C. §2000cc
### (Religious Exercise)
### (Against Official Capacity Defendants)

43.    Plaintiff repeats and re-alleges the above paragraphs as though fully set forth herein.

44.    The Montgomery County Department of Correction and Rehabilitation, through its polices and practice at the Mongomery County Detention Center (MCDC) violated its statutory obligations under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by forcing Ms. Doe to remove her hijab despite her religious objections and immortalized the violation of her religious rights in the form of accessible photographs.

45.    RLUIPA provides, in relevant part, that: "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution… unless the government demonstrates that imposition of the burden on that person- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2).

46.    MCDC's actions forcing Ms. Doe to remove her hijab during her booking photograph substantially burdened her religious exercise and violated her sincerely held practice of wearing hijab in mixed-gendered spaces.

47.    At all relevant times, Ms. Doe was confined to a qualifying "institution" –the Montgomery County Detention Center at Seven Locks—when the events transpired.

48.    Ms. Doe's wearing of hijab in accordance with her Islamic faith is an exercise of her sincerely held religious beliefs.

49.    The forced removal of the hijab is not a minor interference of Ms. Doe's religious practice. It is a profound violation of Ms. Doe's sincerely held religious beliefs against appearing in public uncovered.

50.    The Defendants' officers required Ms. Doe to remove her hijab in an open area, in plain view of men, impeding her constitutional and statutory rights.

51.    Defendant Director Stevenson exercises control over the policies and programs at the Department of Corrections. He also directly oversees the operations of the correctional facilities and staff members at those facilities.

52.    Defendant Warden Abello exercises control over the booking procedures at the Montgomery County Detention Center in his official capacity. Warden Abello oversees the

officers who forced Ms. Doe to remove her hijab and refused to grant her religious accommodation.

53.    MCDC's refusal to process Ms. Doe until she removed her hijab demonstrates that Defendants maintained unconstitutional customs, practices, and policies that facilitated the deprivation of Ms. Doe's rights.

54.    Defendants' policies and customs denying Muslim women the right to wear hijab during their booking photographs do not further a compelling government interest in identifying individuals who have been arrested.

55.    A photograph of a person's face is sufficient for identification by other law enforcement and government agencies. In fact, the United States Department of State allows persons to wear religious head coverings in their passport photos so long as their faces remain visible.[1]

56.    Further, the State of Maryland allows Ms. Doe to wear her hijab in her driver's license photograph.

57.    Covered photographs would more accurately capture Ms. Doe's everyday appearance and thereby serve MCSO's purposes more effectively than the violative uncovered photographs.

58.    Instead, Defendants adopted and actively enforced a policy that needlessly traumatizes individuals like Ms. Doe who routinely wear a hijab in mixed-gendered company.

---

[1] *See* U.S. Dep't of State, Bureau of Consular Affairs, How to Apply: Passport Photos, (last visited October 24, 2025) https://travel.state.gov/content/travel/en/passports/how-apply/photos.html; *see also* Foreign Affairs Manual 8 FAM 402.1-4(c)(3).

59.    Other state and local carceral facilities across the country— including the State of New York Department of Correctional Services and NYPD—allow Muslim women to wear their hijab while being photographed during booking.[2]

60.    Defendants' acts, policies, and customs are not the least restrictive means of furthering a compelling government interest. Defendants could have photographed Ms. Doe with her hijab for the publicly accessible online database. They did not.

61.    Defendants could have allowed Ms. Doe to wear her hijab throughout mixed-gendered spaces in the facility. Instead, they refused her requests.

62.    Defendants were, at all relevant times, aware of Ms. Doe's beliefs and her need to maintain modest attire and the hijab.

63.    At all relevant times Ms. Doe was statutorily protected by RLUIPA.

64.    And since her release, there is no reason for the government to retain copies of this unconstitutional photograph.

65.    With deliberate indifference and conscious and reckless disregard for Ms. Doe's security and religious rights, Defendants maintained, enforced, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices, and customs which failed to:

   a.    adequately train, supervise, and control officers inappropriately denying detained individuals the ability to maintain reasonable religious practices, including wearing the hijab;

---

[2] *See* State of New York, Dep't of Correctional Servs., Directive No. 4202, Religious Programs and Practices at 9 (October 19, 2015); *see* Alan Feuer, *N.Y.P.D. Will No Longer Force Women to Remove Hijabs for Mug Shots*, N.Y. Times (last updated Nov. 13, 2020) (available at https://www.nytimes.com/2020/11/09/nyregion/hijab-muslim-nypd-mugshot-scarves.html).

b. adequately train, supervise, and control officers in the appropriate circumstances to remove religious head coverings worn by detained individuals, including only removing the hijab for a private search conducted by female officers;

c. establish policies and procedures to enable detained individuals to maintain religious practices, including the hijab;

d. establish policies and procedures to protect detained individuals from being stripped of their religious rights; and

e. adequately train, supervise, and control officers from properly preventing male officers and individuals from viewing detained female Muslims who are not wearing the hijab or who are exposed while being physically searched in violation of sincerely held religious beliefs.

66.    The policies, customs, and practices described above are evidenced by the treatment of Ms. Doe by Montgomery County officers. Defendants' agents forcibly removed Ms. Doe's obligatory religious headscarf despite her notifying them of its religious significance, exposing Ms. Doe to mixed gendered passersby. This is evidence of the official capacity in which Defendants systemically disregarded their constitutional obligations.

67.    In their official capacity, Defendants had actual or constructive knowledge of the deficient policies, practices, and customs alleged above. They acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices, customs, or omissions concerning the constitutional rights of Ms. Doe.

68.     As a direct and proximate result of Defendants' wrongful acts and omissions in their official capacity, Ms. Doe has sustained damages and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Court to grant injunctive and declaratory relief in the form requested in the Prayer for Relief below.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants, on each court in this Complaint, and enter an Order awarding the following relief:

a.  A declaratory judgement stating that the Defendants' actions violated Ms. Doe's rights under RLUIPA.

b.  An injunction ordering the Defendants to destroy Ms. Doe's booking photographs without her hijab, as well as any and all security footage of Ms. Doe without her hijab in the facility;

c.  An injunction against ordering Defendants to implement a policy change prohibiting Montgomery County officers and staff from removing religious head coverings in mixed gendered spaces and taking photographs of Muslim women without their hijab;

d.  An injunction ordering the government to take every step, including, but not limited to, instructing other aforementioned persons or agencies given access to Ms. Doe's booking photograph to destroy all copies of her booking photograph and any associated security footage;

e.  Judgment in Plaintiff's favor on all causes of action alleged herein;

f. An award of attorneys' fees, costs, and expenses predicated upon 42 U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to RLUIPA; and

g. Any further relief to which Ms. Doe is entitled or that this Court deems just and proper.

Dated: November 12, 2025

<div style="margin-left:40%">

Respectfully submitted,

<u>/s/ Lena F. Masri</u>
Lena F. Masri
Gadeir Abbas*
Catherine Keck
Council on American-Islamic Relations
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833
lmasri@cair.com
gabbas@cair.com
ckeck@cair.com

* Licensed in Virginia, not in D.C. -
practice limited to federal matters.

</div>

## Jury Demand

NOW COMES Plaintiff, through her counsel, and demands a trial by jury of the above-referenced causes of action.

Dated: November 12, 2025

Respectfully submitted,

/s/ Lena F. Masri
Lena F. Masri
Gadeir Abbas*
Catherine Keck
Council on American-Islamic Relations
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833
lmasri@cair.com
gabbas@cair.com
ckeck@cair.com

* Licensed in Virginia, not in D.C. -
practice limited to federal matters.

Docusign Envelope ID: 926A6B98-DC3D-4BB2-A95F-B72BBE20CEB7

## **VERIFICATION**

I, ██████████████, read the forgoing complaint, and hereby swear and affirm that the

information above is true and accurate to the best of my knowledge and recollection.

███████████████████ _____                    11/10/2025
                                                          _____

Name: ████████████                                       Date