IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE DOE**, <br><br> Plaintiff, <br><br> v. <br><br> **BENJAMIN STEVENSON**, et al, <br><br> Defendants. | Case No.: **8:25-cv-03714-AAQ** |

### MEMORANDUM IN SUPPORT OF PLAINTIFF DOE'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM AND TO OMIT PLAINTIFF'S ADDRESS FROM THE CASE CAPTION

In the interest of protecting her privacy in this case, Plaintiff Jane Doe requests that this Court allow her to proceed anonymously and permit her to omit her address from the case caption. The present action regards Montgomery County's violation of Ms. Doe's sincerely held religious beliefs. The core of these beliefs includes Ms. Doe's fundamental devotion to privacy and modesty—including by wearing a hijab.

Ms. Doe's claims against Defendants include stripping her of her modesty garments in front of several male officers, photographing her without her hijab, and uploading that photograph to the Montgomery County Department of Corrections Database. The retention of this sensitive photograph and the intimate nature of this lawsuit, if made public, would create critical privacy concerns and cause mental anguish for Ms. Doe. For the reasons set forth below, Ms. Doe respectfully request that this Court permit her to proceed under pseudonym and omit her address from the case caption.

1

## BACKGROUND

Ms. Doe challenges the actions and policies of the Montgomery County Detention Center taking and maintaining her uncovered booking photograph in violation of her religious beliefs. Jane Doe is a Muslim woman and resident of Montgomery County, Maryland. Veri. Compl. ¶ 22. In accordance with her fundamental religious beliefs, Ms. Doe wears the hijab, a headscarf which covers her face and neck. *Id.* at ¶ 23.

This religious practice requires Ms. Doe to wear a hijab every time she enters a mixed-gendered setting outside her immediate family. *Id.* In addition to the hijab, her faith also requires her to dress modestly by wearing clothing that fully covers her legs, arms, and torso. *See id.* These beliefs are a pillar of both her religious practice and integral to her identity as a Muslim woman. *Id.* at ¶ 25. Appearing without her hijab and modest clothing—either physically or by photograph or video—constitutes a serious breach of her faith. *Id.* at ¶ 24. Such an experience is similar to appearing without clothes on and is a deeply humiliating and defiling experience. Veri. Compl. at ¶ 24; *see Khatib v. Cnty. of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J., concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress.").

In her Verified Complaint, Ms. Doe alleges that on November 28, 2021 she was arrested by Montgomery County law enforcement officers and taken to the Montgomery County Detention Center at Seven Locks. Veri. Compl. at ¶¶ 28, 30. During the booking process, officers forced Ms. Doe to remove her hijab despite her clear request for a religious accommodation to remain covered. *See id.* at ¶ 33.

2

As a result, Ms. Doe was seen by several men without her hijab in violation of her sincerely held religious beliefs. *See id.* at ¶37. Further, Montgomery County took the violative photograph and uploaded it to the Montgomery County government database. *See id.* at 40. Each day that the photograph exists she experiences pain, fear, and humiliation from the event and the knowledge that her photograph is accessible to mix-gendered Montgomery County officers. *See id.* at 40.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." District Courts, however, may permit parties to proceed anonymously under pseudonym where "privacy or confidentiality concerns are . . . sufficiently critical." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit permits a plaintiff to preserve her anonymity where "extraordinary circumstances permit such a request by balancing the [] interest in anonymity against the public's interest in openness and any prejudice that anonymity would cause the opposing part." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). In completing this balancing test, the Court may consider: (1) whether the request is made merely to avoid annoyance or to "preserve privacy of a sensitive and highly personal nature;" (2) whether identification poses a risk to mental harm to the requestor; (3) the Plaintiff's age; (4) whether the action is against a private or public party; and (5) the risk of unfairness to the opposing party. *James*, 6 F.3d at 238 (citations omitted); *see Doe v. Doe*, 85 F.4th 206, 211–16 (4th Cir. 2023) (discussing the "*James* factors").

The District of Maryland Local Rule 102.2(a) requires that each complaint filed includes the address of all parties in the case caption. The Court may waive this requirement

for parties where a compelling interest of privacy warrants anonymity. *Zaid v. Dept. of Homeland Sec.*, No. DKC 22-1602, 2022 WL 4448863 at *1 (D. Md. Sept. 23, 2022) (citing *James*, 6 F.3d at 238).

Plaintiff's interest in anonymity substantially outweighs both the public's interest in openness as well as any prejudice that the anonymity may cause Defendants.

### ARGUMENT

Applying the *James* test, the Court should protect Plaintiff Jane Doe's identity through the implementation of a protective order requiring identifying documents be filed under seal and permitting her to omit her address from the case caption. The publication of Ms. Doe's uncovered picture violates her sincerely held religious beliefs. Forcing her to reveal her identity poses a substantial risk of further dissemination. *See James*, 6 F.3d at 238. Defendants are not prejudiced through anonymous filings, and Ms. Doe does not seek to hide her identity from either the Court or Defendants. *See id.* Under these circumstances, Ms. Doe respectfully requests that the Court grant her motion to proceed anonymously and omit her address from the case caption.

I. **Compelled publication of the sensitive and highly personal injuries Ms. Doe suffered poses a substantial risk of harm to her.**

The first two *James* factors weigh in favor of protecting Ms. Doe's identity because the violation of her religious modesty practice is highly personal and sensitive in nature. Courts in the Fourth Circuit have held that, when it comes to anonymity, "religion is a 'quintessentially private matter.'" *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)); *see Yacovelli*, No. 1:02CV596, 2004 WL 1144183, at *6 (M.D.N.C. May 20, 2004). Although the harm a plaintiff risks from exposure must reach beyond mere "embarrassment or

4

economic harm," *Doe v. Anne Arundel Cnty*, No. 1:23-cv-03451-JRR, 2024 WL 2053719, at *2 (D. Md. May 8, 2024) (citations omitted), the District of Maryland has held that where "there could be some risk of mental harm to the plaintiff upon public dissemination of her identity in connection with the [] sensitive personal information" the protection of anonymity may be appropriate. *See Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020).

Ms. Doe's case involves her fundamental religious rights. *See* Veri. Compl. at ¶ 44; Ex. A. Moreover, the rights she alleges that Montgomery County violated were of a sensitive and highly personal nature—both by the religious nature of those rights and as they relate to issues of modesty. *See id.* at ¶¶ 22–27; *see Pittsylvania Cnty.*, 844 F. Supp. 2d at 729. When Ms. Doe was seen and photographed without her hijab, she experienced intense humiliation—as if she were seen naked. *Id.* at ¶ 24; *see* Ex. A. If her identity were released to the public, she risks the same humiliation from her experience being broadcast to her friends, family, and community. *See id.*; *see* Ex. A. This risk is real and far beyond mere embarrassment. *See* Veri. Compl. at ¶ 41; Ex. A. Thus, the first two *James* factors weigh in Ms. Doe's favor.

II.     **Defendants face no risk of prejudice from an anonymized docket.**

Defendants incur no risk of harm or unfairness if Ms. Doe is permitted to proceed anonymously. Ms. Doe proposes disclosing her identity to Defendants, subject to an appropriate protective order. This Circuit has held that where Defendants "are aware of [plaintiff's] identity" during relevant litigation phases—including pleadings and discovery, there may be no risk of prejudice. *See Doe v. Doe*, 85 F.4th 206, 215–16 (4th Cir. 2023). This risk does not exist for this case.

Ms. Doe makes this request with the sole intent of shielding her from humiliation and to avoid contributing to the dissemination of illegally taken photograph. Ex. A. On the granting of this motion, Ms. Doe will provide Defendants' Counsel with her full name and unredacted versions of the declaration in support of this motion and verified complaint.

### III. The fact that Ms. Doe is not a minor should not impact her ability to proceed under a pseudonym.

Ms. Doe's adult status should not impact her ability to proceed under a pseudonym because each of the other *James* factors weigh in her favor. Generally, courts consider the age factor in the *James* analysis to weigh in favor of anonymity when the requestor is a minor. *See Smith v. Townson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (N. Md. Nov. 30, 2022), *aff'd*, No. 22-1319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023). But no factor in the *James* analysis is dispositive. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (identifying factors for consideration that "may be relevant" to the anonymity inquiry). Because each of the other *James* factors weigh in favor of Ms. Doe's request to file her lawsuit under pseudonym, her age should not negate the Court's consideration of issuing a protective order. *See id.*

### IV. If Ms. Doe's address is included in the case caption, her identity will be discoverable.

The Court must also permit Ms. Doe to omit her address from the case caption to preserve her anonymity. Local Rule 102.2(a) requires the case caption of an original complaint to contain the "addresses of all parties and the county residence of any Maryland party." But this Court can apply the same *James* factors to allow a party to omit their home address from the caption. *Zaid*, 2022 WL 4448863 at *1 (citing *James*, 6 F.3d at 238) (discussing Local Rule 102.2(a)); *see also Public Citizen*, 479 F.3d at 273 (discussing "compelling concerns related to personal privacy and confidentiality" for pseudonyms). The

above analysis of the *James* factors additionally supports the permission of Ms. Doe to omit her address in the caption of her original complaint. *See James*, 6 F.3d at 238. If the Court requires Ms. Doe to include her address in the case caption under Local Rule 102.2(a), her identity will become known and the anonymity that she sought for protection will be rendered pointless. *See* Ex. A.

Allowing Ms. Doe to omit her address from the case caption of her original complaint poses no risk of prejudice to Defendants. Ms. Doe does not seek to hide her identity from Defendants and will, through counsel and subject to an appropriate protective order, provide her home address to Defendants should they request it. Ms. Doe has also filed a version of the complaint including Ms. Doe's address under seal.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that this Court grant her motion to proceed by pseudonym and permit her to omit her address from the case caption.

Dated: November 12, 2025

Respectfully submitted,

/s/ Lena F. Masri
Lena F. Masri
Gadeir Abbas*
Catherine Keck
Council on American-Islamic Relations
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833
lmasri@cair.com
gabbas@cair.com
ckeck@cair.com

* Licensed in Virginia, not in D.C. - practice limited to federal matters.

7